IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

DONOVAN CARNEY,

      Petitioner,

v.                          Case No. 5:06-cv-00688

CHARLES T. FELTS, Warden,
FCI Beckley, and the UNITED STATES
PAROLE COMMISSION,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition for a Writ of Habeas Corpus (docket sheet document # 1), which has been construed to have been filed pursuant to 28 U.S.C. § 2241.  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a District of Columbia prisoner, who is incarcerated at the Federal Correctional Institution (FCI) - Beckley, in Beaver, West Virginia.  On September 5, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (# 1).  The petition asserts that Petitioner is being held illegally in the custody of FCI Beckley pursuant to a parole violator warrant because the United States Parole Commission

failed to conduct a parole revocation hearing and provide a final decision within a reasonable time, pursuant to the Parole Commission's regulations.  (Id. at 1-2).

The petition

According to the petition, Petitioner was released on parole in 2003, but was convicted on two new charges in the District of Columbia in 2004, and sentenced to 30 months in prison.  At that time, a D.C. parole violator warrant was issued, which was lodged as a detainer.  Petitioner asserts that his new D.C. sentences expired on October 5, 2005 and that, since that time, he has been held in custody solely on the D.C. parole violator warrant without being afforded a parole revocation hearing.  (Id. at 4).

On September 5, 2006, Petitioner filed the instant section 2241 petition, asserting that the Parole Commission has arbitrarily and capriciously violated its own regulations by unreasonably delaying Petitioner's parole revocation hearing.  Petitioner requests that the parole violator warrant be quashed and his parole reinstated. (# 1 at 7).

On September 13, 2006, the undersigned issued an Order to Show Cause, directing Respondents to show cause why a writ of habeas corpus should not issue in this matter.  (# 3).

The Respondents' Response

On October 19, 2006, Respondents filed their Response to Order to Show Cause (# 9).  The following facts are taken from the

Response, and the exhibits attached thereto:

Petitioner is presently serving the remainder of a 9-year D.C. Code sentence, imposed on June 16, 2000, for attempted distribution of cocaine.  (Id., Ex. B at 1).   On March 6, 2003, the United States Parole Commission ordered Petitioner paroled to either a detainer effective September 13, 2003, or to the community effective October 13, 2003.  (Id., Ex. C).  Petitioner was paroled to the community on October 10, 2003, with a full term date on his sentence of September 24, 2008.  (Id., Ex. D).

On January 10, 2004, Petitioner's Community Supervision Officer notified the Parole Commission that Petitioner had violated the conditions of his parole by new criminal conduct.  (Id., Ex., E).  According to that report, Petitioner was arrested on January 7, 2004, for distribution of heroin, and released on personal recognizance, pending a preliminary hearing.  However, he was also arrested on January 8, 2004, for unlawful entry, simple assault, possession of marijuana, and possession of drug paraphernalia, and was being held without bond, pending a status hearing.  (Id., Ex. E at 2).

On February 12, 2004, the Parole Commission issued a parole violator warrant for Petitioner's arrest, with instructions that the warrant was to be filed as a detainer if Petitioner was sentenced to a new term of imprisonment.  (Id., Ex. F).  In 2004, Petitioner was convicted in the D.C. Superior Court of distribution

3

of heroin and, on June 18, 2004, he was sentenced to a two-year term of imprisonment, followed by a three-year term of supervised release. (Id., Ex. B at 4). On May 19, 2005, FCI Beckley notified the Parole Commission that its warrant had been lodged as a detainer. (Id., Ex. G).

On October 10, 2005, when Petitioner had satisfied his sentence for distribution of heroin, the Parole Commission's warrant was executed at FCI Beckley and Petitioner was taken into custody pursuant to the warrant. (Id., Ex, H). According to the Response, for reasons that are not clear from the record, Petitioner's institutional parole revocation hearing was delayed beyond the normal 90 days. (# 9 at 3).

The Parole Commission conducted a parole revocation hearing for Petitioner at FCI Beckley on September 13, 2006. (Id., Ex. I). At the hearing, Petitioner admitted to the charged violations and the Hearing Examiner recommended that Petitioner be required to serve a total of 44 months before re-parole, which was at the top of Petitioner's re-parole guideline range. (Id., Ex. I at 2). The Hearing Examiner noted that, as of September 13, 2006, Petitioner had been in custody for 32 months, including the time he had served on his two-year sentence, and the time that he had been in custody since the execution of the Parole Commission's warrant on October 10, 2005. (Id., Ex. I at 1).

On October 4, 2006, the Parole Commission issued a Notice of Action, revoking Petitioner's parole, ordering that none of the time Petitioner had spent on parole be credited, and ordering Petitioner to continue to a presumptive parole date of September 12, 2007, after the service of 44 months. (Id., Ex, J).  In accordance with 28 C.F.R. § 2.100(d)(2), the Parole Commission's decision credited the 44-month sentence with all of the time that Petitioner had been in custody on his new sentence and after execution of the Parole Commission's warrant. (Id., Ex. J at 1). According to the Response, the Bureau of Prisons has not yet re-computed the full-term date of Petitioner's 9-year sentence after the loss of credit for the time he spent on parole. (Id. at 3 and Ex. B at 1-2).

Petitioner's Reply

On November 15, 2006, Petitioner filed a document that included a request for appointment of counsel (# 10).  Thus, the undersigned's staff directed the Clerk's Office to docket that document as a Motion for Appointment of Counsel.  However, the document also addresses the merits of Petitioner's claim, stating that he was twice placed on the docket to be seen by the Parole Commission, but "both times was told that I was scratched with no reason why." (# 10 at 1; # 1, Ex. B).  Petitioner further asserts that the delay in conducting his parole revocation hearing was unreasonable.  (# 10 at 1).  The undersigned will treat this

5

discussion as Petitioner's reply to Respondents' Response. Although Petitioner requested "extra time" (presumably to file an additional reply) and appointment of counsel[1], the undersigned finds that additional briefing is unnecessary.

## ANALYSIS

Respondents assert that:

> Pursuant to 28 C.F.R. § 2.102(d), Petitioner was entitled to an institutional parole revocation hearing, rather than a local parole revocation hearing, because he had incurred a new conviction for a crime he committed while on parole. Pursuant to 28 C.F.R. § 2.102(f), he was to be given an institutional parole revocation hearing within 90 days of the execution of the Parole Commission's warrant. The facts show that Petitioner was taken into custody under the Commission's parole violator warrant on October 10, 2005, (Exhibit H) and that the Commission gave him an institutional parole revocation hearing on September 13, 2006 (Exhibit I). Thus, Petitioner's institutional parole revocation hearing was admittedly held more than 90 days after the execution of the Commission's warrant.

(# 9 at 4). However, Respondents further assert that the remedy for such a delay is a writ of mandamus ordering the Parole Commission to hold the hearing, and not the release of the prisoner. (Id.)(citing Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977)("if the Parole Commission fails to meet a deadline for decision-making established by the Act, the proper remedy would be to compel the decision and not to release the prisoner from custody."); see also Sutherland v. McCall, 709 F.2d 730, 732 (D.C.

---

[1] Petitioner's Motion for Appointment of Counsel (# 10) has been denied by a separate Order.

Cir. 1983)(appropriate remedy for a 33-month delay in holding a revocation hearing "is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence.")

Because the Parole Commission conducted Petitioner's parole revocation hearing on September 13, 2006, Respondents assert that Petitioner's claim is now moot. (# 9 at 5). Respondents further assert that, in order for a writ of habeas corpus to issue based upon such a delay, Petitioner must show that the delay was unreasonable and that it caused him prejudice. See, *e.g.*, Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975). (Id.) Even if Petitioner could show that the delay of his parole revocation hearing was unreasonable, Respondents assert that Petitioner has not alleged, nor can he demonstrate, any prejudice therefrom. (Id. at 6).

Respondents contend that, because Petitioner received credit against his parole revocation sentence for the time that he has been in custody on both his new D.C. offense, and the time since the Parole Commission's warrant was executed, he has not served any "additional" time due to the delay in conducting his parole revocation hearing, and, thus, cannot show any prejudice from that delay. (Id.)

The undersigned agrees that Petitioner has demonstrated no prejudice from the delay in conducting his parole revocation hearing.  Because Petitioner was credited with 32 months toward his 44-month period of incarceration prior to re-parole, Petitioner cannot demonstrate that he will serve any additional time due to the delay in his revocation hearing.   Thus, the undersigned proposes that the presiding District Judge **FIND** that habeas corpus relief in this matter is unwarranted.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus (# 1) and dismiss this matter from the court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

_____February 21, 2007_____
          Date

Mary E. Stanley
United States Magistrate Judge